David C. Kresin (019858)
YEN PILCH ROBAINA & KRESIN PLC
6017 North 15th Street
Phoenix, Arizona 85014
Telephone: (602) 682-6450
Facsimile: (602) 682-6455
dck@yprklaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Robert A. Valenzuela,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Ruby J. Farms, LLC ; and Anthony J. Comella and Norma Comella, husband and wife,<br><br>　　　　Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

For his Complaint, Plaintiff Robert A. Valenzuela, by and through her counsel, alleges as follows:

1. Plaintiff Robert A. Valenzuela ("Mr. Valenzuela") is an adult male residing in Pima County, Arizona.

2. Defendant Ruby J. Farms LLC ("the Company") is an Arizona limited liability company that conducts business in Santa Cruz County, Arizona with its principal place of business at 1331 Fairway Drive, Nogales, Arizona 85621. At all material times, the Company was an employer of Mr. Valenzuela within the meaning of the various causes of action asserted in this case.

3. Defendant Anthony J. Comella ("Mr. Comella") at all relevant times was a resident of Santa Cruz County, Arizona. Upon information and belief, Mr. Comella is a married man who at all relevant times was married to Norma Comella and all actions by Mr. Comella were taken on behalf of their marital community.

4. At all relevant times, Mr. Comella managed the Company, acted as its chief executive officer, was the direct supervisor of Mr. Valenzuela, exercised

significant economic control over the Company, and participated in the decisions to deny Mr. Valenzuela his rights under the parties' contract, the Arizona Wage Act, the Arizona minimum wage law, and the federal Fair Labor Standards Act.

5. Upon information and belief, Mr. Comella is the Trustee of the Comella Family Trust, the sole owner of the Company, and therefore exercises substantial economic and other control over the Company in that role as well.

6. At all material times, Mr. Comella was an employer of Mr. Valenzuela within the meaning of the various causes of action asserted in this case.

7. This action is brought pursuant to the Arizona Wage Act, A.R.S. § 23-350 *et seq.*, the Arizona minimum wage law, A.R.S. § 23-362 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

8. This Court has jurisdiction over the claims in this case under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 & 1367.

9. Defendants reside in and a significant portion of the events giving rise to these causes of action occurred in Santa Cruz County, Arizona.

10. This Court has personal jurisdiction over the Defendants and venue is proper in this Court.

11. Mr. Valenzuela began his employment as the Director of Sales & Procurement for the Company in October 2020. At that time, Defendants promised Mr. Valenzuela that as compensation for his watermelon sales efforts, he would receive 40% of the 10% fee that the Company received for his watermelon sales.

12. Despite Mr. Valenzuela working long hours, completing sales, and the Company receiving revenue in late 2020, Defendants failed to pay Mr. Valenzuela any compensation from October 2020 through February 2021.

13. From March 2021 to August 2021, the Company paid Mr. Valenzuela draws against the commissions owed to him, but never paid out the full commissions due.

14. During his employment, Mr. Valenzuela sold $3.2 million in melons, which Defendants later documented in a September 1, 2021 message. Based on those sales, the commissions earned by Mr. Valenzuela was $128,000. Defendants also acknowledged that Mr. Valenzuela earned $75,000 in commissions related to Yuma sales.

15. Mr. Valenzuela also incurred significant expenses for which the Company failed to reimburse him, despite promises to do so.

16. Beginning in June 2021, Mr. Valenzuela took on a new role with non-sales responsibilities managing the facility in Yuma. That role required Valenzuela to work approximately 72 hours per week (12 hours per day; 6 days per week) at the Yuma facility.

17. Mr. Valenzuela never received any compensation for his work managing the Yuma facility.

18. Mr. Valenzuela's employment ended on August 28, 2021.

### **Count One (Breach of Contract)**

19. Mr. Valenzuela incorporates all previous allegations of the Complaint as if fully set forth herein.

20. As set forth above, the parties entered a valid and enforceable contract regarding compensation and other terms and conditions of employment.

21. As set forth above, Mr. Valenzuela was promised 40% of the 10% fee that the Company received for his watermelon sales efforts as well as reimbursement of business expenses he incurred.

22. Mr. Valenzuela performed all his obligations under the contract.

23. Through the above conduct, the Company breached the parties' contract.

24. As a result of the Company's breach of the parties' contract, Mr. Valenzuela has been damaged in an amount to be determined at trial.

25. Pursuant to A.R.S. § 12-341.01, Mr. Valenzuela is entitled to recover his reasonable attorney's fees and expenses incurred in pursuing this claim.

**Count Two (Arizona Wage Act)**

26. Mr. Valenzuela incorporates all previous allegations of the Complaint as if fully set forth herein.

27. At all relevant times, Mr. Valenzuela was an employee performing services under the Arizona Wage Act, A.R.S. § 23-350 *et seq.*

28. At all relevant times, Defendants were an employer employing Mr. Valenzuela under the Arizona Wage Act, A.R.S. § 23-350 *et seq.*

29. Mr. Valenzuela's promised compensation was wages under the Arizona Wage Act, A.R.S. § 23-350 *et seq.*

30. The Company violated A.R.S. §§ 23-352 and 23-353 by withholding or diverting Mr. Valenzuela's wages.

31. Mr. Valenzuela is entitled to treble damages under A.R.S. § 23-355.

32. Pursuant to A.R.S. § 12-341.01, Mr. Valenzuela is entitled to recover his reasonable attorney's fees and expenses incurred in pursuing this claim.

**Count Three (Minimum Wage Violations
Under the Arizona minimum wage law)**

33. Mr. Valenzuela incorporates herein all previous allegations in this Complaint.

34. At all relevant times, Mr. Valenzuela was an employee under the Arizona minimum wage law, A.R.S. § 23-362 *et seq.*

35. At all relevant times, Defendants were Mr. Valenzuela's employer under the Arizona Minimum Wage Act, A.R.S. § 23-362 *et seq.*

36. Defendants failed to pay Mr. Valenzuela the applicable minimum wage for all hours worked, as required by A.R.S. § 23-363 and implementing regulations.

37. Defendants' conduct described above was willful.

38. Under the enforcement provisions of A.R.S. § 23-364, Mr. Valenzuela is entitled to recover three times the value of the unpaid minimum wage, interest on the unpaid minimum wage, at least $150 per day until the violation is corrected (to deter

future violations), and the employee's attorneys' fees and costs incurred in pursuing the claim. *See* § 23-364(G).

### Count Four (Overtime Violations Under the Fair Labor Standards Act)

39. Mr. Valenzuela incorporates herein all previous allegations in this Complaint.

40. At all relevant times, Defendants were an employer covered under the FLSA.

41. At all relevant times, Mr. Valenzuela was an employee covered under the FLSA.

42. Mr. Valenzuela worked more than 40 hours per week in his employment with Defendants.

43. Defendants failed to pay Mr. Valenzuela overtime compensation for all work weeks in which Mr. Valenzuela worked more than forty (40) hours, in violation of the FLSA.

44. Defendants' conduct described above was willful.

45. Mr. Valenzuela is entitled to recover his unpaid overtime compensation and an equal amount as liquidated damages.

46. Mr. Valenzuela is entitled to recover his attorneys' fees incurred herein pursuant to 29 U.S.C. § 216.

47. Mr. Valenzuela hereby requests a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff Robert A. Valenzuela prays for judgment against Defendants Ruby J. Farms LLC and Anthony J. Comella and Norma Comella, husband and wife, as follows:

A. For an award of unpaid wages in an amount to be proven at trial;

B. For an award of treble damages on the unpaid wages;

C. For an award of unpaid minimum wages in an amount to be proven at trial;

D. For an award of treble damages on the unpaid minimum wages;

E. For an award of statutory damages of $150 per day from the date of the first denial of rights guaranteed under Article 8 of A.R.S. Title 23 until the violation is corrected or judgment is entered;

F. For an award of unpaid overtime compensation, in an amount to be proven at trial;

G. For an award of liquidated damages on the unpaid overtime compensation;

H. For an award of attorneys' fees and related expenses;

I. For an award of prejudgment and post-judgment interest;

J. For an award of Plaintiff's costs of suit incurred herein; and,

K. For an award of such other relief as the Court may deem just and proper.

DATED this 29th day of October 2021.

          YEN PILCH ROBAINA & KRESIN PLC


     By_____/s/David C. Kresin_____
       David C. Kresin
       Attorneys for Plaintiff Robert A. Valenzuela