**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert A Valenzuela,<br><br>    Plaintiff,<br><br>v.<br><br>Ruby J Farms LLC, et al.,<br><br>    Defendants. | No. CV-21-00442-TUC-JGZ<br><br>**ORDER** |

Pending before the Court are two motions concerning the joinder of a third-party LLC to this employment contract action. Defendants filed a Motion for Joinder of a Required Party. (Doc. 6.) Defendants assert that they never employed Plaintiff as an individual, but rather contracted with his single-member LLC, Tri-Val, LLC.[1] (*Id.* at 1.) Defendants argue that Tri-Val, as the contracting party, is a required party under Rule 19 and further assert that Tri-Val, not Plaintiff, is the real party in interest under Rule 17. (*Id.* at 2.) Plaintiff opposes the joinder. (Doc. 9.)

Defendants also filed an Amended Answer, Counterclaim, and Third-Party Claim against Tri-Val, LLC (Doc. 10), alleging the conversion of a gold Rolex watch. Then, Tri-Val, as third-party defendant, filed a Motion to Dismiss Third-Party Complaint (Doc. 15), arguing that the third-party complaint violates Rule 14(a) because it does not allege that

---

[1] Defendants initially named Tri-Val Produce Co., Inc. in their Motion and subsequently corrected the name of the entity to Tri-Val, LLC in the Amended Answer, Counterclaim and Third-Party Complaint. (Doc. 10 at ¶ 6.) Because the error is not dispositive in the Court's ruling, the Court declines to address the error.

Tri-Val has any secondary or derivative liability to Ruby J. Farms, LLC for Plaintiff's claims.

For the following reasons, the Court will deny Defendants' Motion for Joinder of Required Party and will grant Tri-Val's Motion to Dismiss Third-Party Complaint.

## I.  Motion for Joinder of Required Party

### a.  Rule 19

Defendants first argue that Tri-Val, LLC, whom Defendants paid during the period in question under Plaintiff's FLSA action, should be joined as a necessary party. (Doc. 6 at 1.) Because Defendants allege that they contracted only with Tri-Val, they fear facing "multiple" or "inconsistent obligations," which would leave the Court unable "to accord complete relief" if Tri-Val were not joined. (*Id.* at 2.) Plaintiffs deny that Tri-Val is a necessary party under Ninth Circuit standards, because Tri-Val has not claimed an interest in the subject of this action. (Doc. 9 at 4, Doc. 37 at 5.)

Rule 19 defines two scenarios in which an additional party must be joined to an action. Fed. R. Civ. P. 19(a). First, a party is required if in their absence the court cannot "accord complete relief among existing parties." *Id.* This rule is focused on the court's ability to fashion meaningful relief between the parties and avoid a hollow or partial remedy. *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983). Second, a party claiming "an interest relating to the subject of the action" is a required party if their absence would either impair their ability to protect their interest or leave an existing party subject to multiple or inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B). In the Ninth Circuit, joinder under Rule 19 is contingent "upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action." *Northrup*, 705 F.2d at 1043. A party that is aware of an action and chooses not to claim an interest is not required to be joined. *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999); *Altmann v. Republic of Austria*, 317 F.3d 954, 971 (9th Cir. 2002).

Here, Defendants failed to meet this crucial requirement. Defendants seek to join

Tri-Val, LLC without indication that Tri-Val claims a legally protected interest in the subject of this action. Plaintiff is and always has been the sole member associated with Tri-Val.[2] (Doc. 37-1 at ¶ 3.) The entity is thus aware of this action and has chosen not to claim an interest. Indeed, Tri-Val has expressly indicated that it has no interest in the claims at issue in this case. (Doc. 37 at 5.) For those reasons, Tri-Val is not a required party in this case and joinder is unnecessary under Rule 19.

### b. Rule 17

Next, Defendants argue that Tri-Val should be joined because Rule 17 requires an action to be "prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Defendants assert that Tri-Val is the real party in interest because it is "the actual party with whom the Defendant Company partnered." (Doc. 6 at 2, Doc. 13 at 2.) Defendants have submitted documents in support of this assertion showing payments made by Defendants to Tri-Val throughout their professional relationship with Plaintiff. (Doc. 7.) Plaintiff counters that Rule 17(a) "has no application," because the rule "does not require naming as a party every plaintiff who has an interest, but merely ensuring that the named party is a real party in interest." (Doc. 9 at 3 n.4.)

The purpose of the "real party in interest" principle is to "protect a defendant from subsequent similar actions by one not a party to the initial action." *Pac. Coast Agr. Exp. Ass'n v. Sunkist Growers, Inc.*, 526 F.2d 1196, 1208 (9th Cir. 1975); *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 84 (4th Cir. 1973) ("[Rule 17's purpose] is to enable a defendant to present defenses he has against the real party in interest, to protect the defendant against a subsequent action by the party actually entitled to relief, and to ensure that the judgment will have proper res judicata effect.").

Here, Defendants face little danger of subsequent suits by Tri-Val. If Plaintiff, as sole member of the LLC, were to bring a subsequent action in Tri-Val's name against Defendants, it would be precluded due to res judicata. The subsequent claim would be the

---

[2] Additionally, Plaintiff is the only person associated with Tri-Val, LLC in online listings. *See Entity Information*, Ariz. Corporation Commission, https://ecorp.azcc.gov/PublicBusinessSearch/PublicBusinessInfo?entityNumber=L09813766 (last accessed Aug. 8, 2022).

same claim as the present one, would take place after final judgment on the merits, and there would be privity between Tri-Val and Plaintiff, the single-member LLC's sole member. See *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Thus, because Defendants are not at risk of subsequent similar actions, Tri-Val is not required to be joined under Rule 17.

For these reasons, the Court will deny Defendants' Motion for Joinder of Required Party.

### II.     Tri-Val's Motion to Dismiss

Defendants Third-Party Complaint against Tri-Val alleges that Tri-Val is liable to Defendants for the conversion of a gold Rolex watch.[3] (Doc. 10 at ¶¶ 43-54.) Defendants assert that, because Tri-Val failed to return the watch upon the termination of the contract, Ruby J. Farms, LLC is "entitled to withhold payment until its personal property is returned." (*Id.* at ¶ 11.) Tri-Val moved to dismiss the third-party claim, arguing that it violates Rule 14(a) because it does not assert that Tri-Val is liable for Plaintiff's employment claim against Defendants. For the following reasons, the Court will grant Tri-Val's Motion to Dismiss Third-Party Complaint. (Doc. 15.)

A defendant may serve a summons and complaint on a nonparty "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14. The third-party defendant's liability to the third-party plaintiff must be in some way dependent on the outcome of the main claim and is secondary or derivative thereto. *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 200 (9th Cir. 1988) ("The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." (quoting 6 Fed. Prac. & Proc. § 1446 at 257 (1971 ed.))).

Here, Defendants' third-party complaint does not allege that Tri-Val has any

---

[3] Defendants characterize the conversion claim as either a counterclaim under Rule 13, or a Rule 14(a) third-party claim. (Doc. 16 at 2.) However, Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim. Fed. R. Civ. P. 13(h). Because the Court has declined Defendants' request to join Tri-Val as a required party, Defendants' third-party complaint cannot be considered a counterclaim under Rule 13.

liability to Plaintiff, only to Defendants for the value of the watch. The sole conversion claim is not dependent on, secondary to, or derivative of the main claims in this case; it does not attempt to transfer to Tri-Val the liability asserted against Defendants by Plaintiff.[4] Thus, Defendants' Amended Answer, Counterclaim, and Third-Party Claim (Doc. 10) fails to properly show any derivative liability on the part of Tri-Val as required by Rule 14.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Joinder of Required Party (Doc. 6.) is **DENIED**.

**IT IS FURTHER ORDERED** that Tri-Val, LLC's Motion to Dismiss Third-Party Complaint (Doc. 15.) is **GRANTED**.

Dated this 11th day of August, 2022.

Honorable Jennifer G. Zipps
United States District Judge

---

[4] To the extent that Defendants argue that "Ruby J. absolutely has a claim against Tri-Val to recover all money paid so that (some or all of it) can be paid to Valenzuela," (Doc. 16 at 4), this claim was not pled in the Third-Party Complaint. As such, it cannot be the basis for bringing in a third-party under Rule 14. Further, if such a claim were pled, it would not comply with Rule 14 because it does not assert liability owed from Tri-Val to Plaintiff that is derivative of any liability Defendants might owe to Plaintiff.