**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert A Valenzuela,<br><br>    Plaintiff,<br><br>v.<br><br>Ruby J Farms LLC, et al.,<br><br>    Defendants. | No. CV-21-00442-TUC-JGZ<br><br>**ORDER** |

    Pending before the Court is a Motion in Limine filed by Defendants Ruby J Farms LLC (RJF), Anthony Comella, and Norma Comella. (Doc. 63.) Defendants request that the Court preclude specific topics of testimony for Plaintiff Robert Valenzuela's witnesses under Rules 404(b) and 403 of the Federal Rules of Evidence. (*Id.*) Valenzuela filed a Response. (Doc. 68.) The Court will grant in part and deny in part Defendants' Motion.

**DISCUSSION**

    Rule 404(b) prohibits evidence of "any other crime, wrong, or act" admitted for the purpose of proving a person's character and showing the person acted, on a particular occasion, in accordance with that character. If not admitted to prove a person acted in accordance with her character, other-act evidence may be admissible for another purpose, including to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Ninth Circuit has also set forth a four-part test for the admissibility of other-act evidence under Rule 404(b): "(1) there must be sufficient proof for the jury to find that the defendant committed the

other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged." *Duran v. City of Maywood*, 221 F.3d 1127, 1132–33 (9th Cir. 2000). After the proponent makes a showing under Rule 404(b), the court must consider, under Rule 403, whether the risk of unfair prejudice substantially outweighs the probative value of the other-act evidence. Fed. R. Evid. 403; *Duran*, 221 F.3d at 1133.

In their Motion in Limine, Defendants request that the Court, under Rules 404(b) and 403, prohibit Valenzuela's witnesses from testifying about (1) alleged debts Defendants owe them and alleged mistreatment they suffered from Defendants; (2) their work relationships with Defendants; and (3) Valenzuela's signing of contracts as a management employee of RJF and the lack of involvement of Tri-Val LLC in Valenzuela's work with Defendants. (Doc. 63 at 1–7.) The Court will address each in turn.

**I.   Other Debts and Mistreatment**

Valenzuela argues his witnesses can testify about compensation Defendants have failed to pay them and mistreatment they experienced from Defendants to establish Defendants' state of mind—that is, whether they intentionally, knowingly, or in bad faith refused to pay Valenzuela the compensation owed to him. (Doc. 68 at 7.) This proffered testimony does not pass Rule 404(b)'s muster. Valenzuela does not explain how other debts and acts of mistreatment would prove Defendant's intent, plan, or knowledge here. Rather, Valenzuela implies that Defendants' failure to pay other persons proves that Defendants intentionally failed to pay him. (*See* Doc. 68 at 7.) This propensity evidence is prohibited by Rule 404(b). *See, e.g.*, *United States v. Lanza*, 790 F.2d 1015, 1020 (2d Cir. 1986) (past failure to pay debts is inadmissible if offered to prove that a person failed to pay debts on a particular occasion); *see also* 22B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Evidence* § 5253 (2d ed. 2023) (the need to avoid the forbidden inference to propensity is particularly acute when a party seeks to show that a person gained knowledge from repetitive acts). Rule 404(b) similarly precludes any testimony about Defendants' alleged mistreatment of others if proffered by Valenzuela to prove Defendants

mistreated or failed to pay him.

## II.     Other Relationships with Defendants

Defendants argue that Rule 404(b) prohibits Valenzuela's witnesses from testifying about their own work relationships with Defendants, which are "completely unrelated" to the disputed agreement between Valenzuela and Defendants. (*See* Doc. 63 at 5.) Valenzuela contends this testimony is admissible to prove he was an employee rather than an independent contractor. (Doc. 68 at 5, 7.)

Arizona courts consider a variety of factors when determining whether a person was an employee, including:

1. The extent of control exercised by the master over details of the work and the degree of supervision;
2. The distinct nature of the worker's business;
3. Specialization or skilled occupation;
4. Materials and place of work;
5. Duration of employment;
6. Method of payment;
7. Relationship of work done to the regular business of the employer;
8. Belief of the parties.

*Santiago v. Phoenix Newspapers, Inc.*, 794 P.2d 138, 142 (Ariz. 1990). Testimony about the work relationships between other persons and Defendants, to the extent it relates to these or similar factors, is relevant. This includes, for example, testimony from a witness about his work with Defendants and his personal knowledge of Defendants' business, daily operations, or industry of work. Provided that Valenzuela does not solicit this testimony as propensity evidence to show Defendants mistreated or failed to pay him, it is admissible, under Rule 404(b), and highly probative, under Rule 403, as to whether he was an employee.

//

//

### III.  Work Relationship of the Parties

Defendants also request that the Court preclude witness testimony about RJF directing Valenzuela to sign agreements as a management employee of RJF, (Doc. 63 at 4), and the lack of involvement or mention of Tri-Val LLC (Valenzuela's company) related to Valenzuela's work for Defendants, (*Id.* at 7). According to Defendants, Valenzuela's authorization to execute contracts is irrelevant to whether Valenzuela was an employee because such authority is also consistent with Valenzuela working as an independent contractor. (*Id.* at 4.) And whether Tri-Val LLC was involved in or mentioned during Valenzuela's work with Defendants is unrelated to any of the "discrete factors" courts consider when identifying whether a worker was an employee. (*Id.* at 7.) Such testimony, Defendants argue, is therefore irrelevant and should be precluded. (*Id.*)

The testimony Defendants seek to preclude, although not dispositive, is relevant to a central issue in this case: whether Valenzuela was an employee. To be sure, none of the factors listed above specifically address whether a worker has the authority to execute agreements or whether a worker is held out to the public as an employee. *See Santiago*, 794 P.2d at 142. But this list of factors is not discrete; it is nonexhaustive. *See, e.g.*, *id.* (fact finders must evaluate "a number of criteria," "include[ing]" eight specific factors); *Restatement (Second) of Agency* § 220 cmt. c (Am. L. Inst. 1958) (Section 220's list of ten factors is nonexhaustive); *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 324 (1992) (same). In addition to these nonexhaustive factors, Arizona courts also consider community belief and custom. *See Santiago*, 794 P.2d at 145 (citing *Restatement (Second) of Agency* § 220 cmt. h (Am. L. Inst. 1958)). Testimony about whether Valenzuela executed agreements that required a management employee's signature speaks to the perception of the parties' work relationship within their community. So too does testimony on whether Valenzuela's company was mentioned or involved in RJF's interactions with the community.

//

//

## CONCLUSION

Consistent with the above, Valenzuela must not introduce evidence about debt or compensation Defendants allegedly owe to other persons and other alleged acts of mistreatment by Defendants. Valenzuela may introduce evidence about work relationships between other persons and Defendants that relates to Defendants' business, daily operations, or industry of work, or other factors relevant to whether Valenzuela was an employee. Valenzuela may also introduce evidence about his signing of agreements on behalf of RJF and the lack of involvement or mention of his company during his work for Defendants.

Motion-in-limine rulings are preliminary. *See Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). The Court may revise these rulings at trial as necessary, for example, if Defendants open the door to previously precluded evidence. *See, e.g.*, *United States v. Curtis*, 781 F.3d 904, 910 (7th Cir. 2015) (defendant opened the door to the relevance of his taxpaying behavior when he implied that his recent payments demonstrated good faith compliance). Should that occur, the parties must be prepared to present their positions on the admissibility of such evidence under the Federal Rules of Evidence and the four-part test set forth in *Duran. See* 221 F.3d at 1132–33.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion in Limine (Doc. 63) is **granted in part** and **denied in part** consistent with this Order.

Dated this 5th day of July, 2023.

_____
Honorable Jennifer G. Zipps
United States District Judge