**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert A Valenzuela,<br><br>             Plaintiff,<br><br>v.<br><br>Ruby J Farms LLC, et al.,<br><br>             Defendants. | No. CV-21-00442-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Award of Attorneys' Fees. Plaintiff requests that the Court award him attorneys' fees in the amount of $166,840.00. (Docs. 137, 139.) Defendants filed an objection to Plaintiff's Motion (Doc. 138), and Plaintiff filed a Reply (Doc. 139). For the following reasons, the Court will grant Plaintiff's Motion and award Plaintiff $166,840.00 in attorneys' fees.

**I.     BACKGROUND**

Plaintiff Robert A. Valenzuela filed this action against Defendants Ruby J Farms LLC (RJF), and Anthony and Norma Comella (the Comellas), alleging wage and overtime violations under the Arizona Wage Act (AWA), Arizona Minimum Wage Act (AMWA), and Fair Labor Standards Act (FLSA). (Doc. 1.) RJF filed a counterclaim for conversion against Valenzuela, alleging Valenzuela wrongfully took possession of RJF's Rolex watch. (Doc. 8 at 6–9.) The Court determined that Valenzuela was an employee of RJF under the AWA and an employee of RJF and Anthony Comella under the AMWA and FLSA. (Doc. 107 at 5–6.)

This action was tried to a jury from August 21 to 25, 2023. The Jury found in favor of Valenzuela on his AWA, AMWA, and FLSA claims. With respect to the AWA claim, the jury determined that RJF breached the parties' contract, and that RJF owed Valenzuela $6,953.97 as compensation for his services. With respect to the AMWA claim, the jury determined that RJF and Comella failed to pay Valenzuela at least $12.15 per hour for any hours worked after May 31, 2021, and that RJF and Comella owed Valenzuela $6,366.60 in minimum wages. (Doc. 123.) Finally, with respect to the FLSA claim, the jury determined that RJF and Comella failed to pay Valenzuela 1.5 times his regular rate for overtime hours worked and owed Valenzuela $2,223.45 in overtime pay. (Doc. 124.) The jury found in favor of RJF on its conversion counterclaim against Valenzuela. Specifically, the jury determined that RJF owned the Rolex watch, Valenzuela knowingly and intentionally controlled the watch in a manner that seriously interfered with RJF's right to control it, and RJF suffered damages in the amount of $15,000. (Doc. 125.)

Post trial, pursuant to the parties' stipulation,[1] the Court awarded Valenzuela treble damages for compensation paid during litigation and rejected Valenzuela's equitable defenses to RJF's counterclaim. (Doc. 135.) On Valenzuela's AWA Claim, the Court awarded an additional $13,907.94 as treble damages on the unpaid commissions remaining due and an additional $48,100.00 as treble damages on the $24,050 in commissions withheld in bad faith until May 2022. On Valenzuela's AMWA claim, the Court awarded an additional $12,733.20 as treble damages. (Doc. 135.) The Clerk of Court subsequently: (1) entered judgment in favor of Valenzuela on his AWA, AMWA, and FLSA claims against Defendants, and (2) entered judgment in favor of RJF on its conversion counterclaim against Valenzuela. (Doc. 141.) Thereafter, Valenzuela filed a Motion for Attorneys' fees requesting that the Court award attorneys' fees in the amount of $166,840.00.

//

---

[1] The parties stipulated to the Court determining (1) whether Valenzuela was entitled to treble damages or additional remedies, (Doc. 86-2 at 2, 4–5), and (2) whether Valenzuela proved equitable defenses to RJF's conversion counterclaim, (*Id.* at 5–6).

- 2 -

## II. DISCUSSION

### A. Entitlement to attorneys' fees.

The FLSA and the AMWA require that the prevailing party be awarded reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); A.R.S. § 23-346(G) ("A prevailing plaintiff shall be entitled to reasonable attorney's fee and costs of suit."). In addition, under A.R.S. § 12-341.01, the court may award reasonable attorneys' fees to the prevailing party in any contested action arising out of a contract. The prevailing party is one that "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)). Plaintiff prevailed on each of his claims against Defendants, therefore, he is entitled to reasonable attorneys' fees.

### B. The Lodestar calculation

After a court concludes that a party is entitled to an award of attorneys' fees, it must determine whether the fees requested are reasonable by using the lodestar method. *See Staton v. Boeing Co.*, 327 F.3d 938, 965–66 (9th Cir. 2003). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *McGrath v. Cnty. of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995). Based on the lodestar amount, Plaintiff seeks an attorneys' fee award of $166,840.00. (Doc. 137.)

#### 1. Reasonableness of rate

A reasonable hourly rate is generally the prevailing market rate in the relevant community. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). A memorandum in support of a motion for attorneys' fees must include an affidavit with a brief description of relevant qualifications, experience, and related contributions performed by each attorney to whom fees are attributed. LRCiv 54.2(d)(4)(A). Once a plaintiff has provided evidence that the charged rate is reasonable, it is defendant's burden to rebut the evidence. *See Blum v. Stenson*, 465 U.S. 886, 892 (1984).

The Court finds that the hourly rates billed by Plaintiff's legal team are reasonable. Four individuals worked on this matter—Partner David C. Kresin, Associate Michael R. Pang, and Legal Assistants Michael Martin and Nancy Cazares. Mr. Kresin billed at $350 per hour, Mr. Pang billed at $250 per hour, and Mr. Martin and Ms. Cazares billed at $100 per hour. Defendants do not challenge the reasonableness of these rates, and the Court finds the rates to be reasonable based on the prevailing market rates in Tucson, Arizona.

In compliance with LRCiv. 54.2(d)(A)(4), Plaintiff provided the Court with proper documentation in support of Mr. Kresin and Mr. Pang's qualifications, experience, and education. (Doc. 137-1 at 1-4, 32; Doc. 137-2 at 1-3.) According to the Arizona State Bar's 2022 Economics of Law Report, the average hourly rate in Arizona for an equity partner was $407 per hour, for lawyers with 20-29 years of experience was $386 per hour, and civil litigators representing plaintiffs was $357 per hour. (Doc. 137-2 at 2-3.) Mr. Kresin is managing partner at Yen Pilch Robaina & Kresin, PLLC (YPRK) and has 24 years of experience in employment law. (Doc. 137-1 at 12.) Therefore, Mr. Kresin's hourly rate of $350 is reasonable. According to the Arizona State Bar's 2022 Economics of Law Report, the average hourly rate in Arizona for an associate was $291 per hour, for lawyers with 10-19 years of experience was $340 per hour, and civil litigators representing Plaintiffs was $357 per hour. (Doc. 137-2 at 2-3.) During this litigation, Mr. Pang was an associate attorney at YPRK and had over ten years of experience. (Doc. 137-1 at 2.) Therefore, Mr. Pang's hourly rate of $250 is reasonable.

Plaintiff provides no information about Mr. Martin or Ms. Cazares' qualifications or experience. Further, Plaintiff does not include documentation establishing the prevailing rates for legal assistants in Tucson, Arizona. However, after conducting a survey of recent cases, the Court finds that the requested hourly rate for the legal assistants is reasonable. *See Evans v. McAllister,* 2024 WL 98978, at *6 (D. Ariz. Jan. 9, 2024) ("2.4 hours of labor by legal assistant at $100/hour . . . is reasonable."); *Fierros v. Quebedeaux Buick GMC Inc.*, 2022 WL 3648028, at *1 (D. Ariz. Aug. 24, 2022) (A $100 legal assistant rate was in line with the prevailing market rates in the District of Arizona); *Tiffany C. Tyner, Plaintiff,*

*v. Comm'r of Soc. Sec. Admin.*, 2021 WL 1895254, at *1 (D. Ariz. May 11, 2021) (finding $100 an hour for a paralegal is reasonable).

## 2. Reasonableness of hours expended

"In calculating the lodestar, district courts 'have a *duty* to ensure that claims for attorneys' fees are reasonable,' and a district court does not discharge that duty simply by taking at face value the word of the prevailing party's lawyer for the number of hours expended on the case." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (citations omitted) (emphasis in original). Rather, a district court must ensure the prevailing attorneys have exercised "billing judgment," and that hours were "reasonably expended." *Id.*; *Hensley,* 461 U.S. at 434. A reasonable attorneys' fee award "should compensate the work of paralegals, as well as that of attorneys." *Trustees of Const. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.,* 460 F.3d 1253, 1256 (9th Cir. 2006) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989)). However, if an "attorney's hourly rate already incorporates the cost of work performed by non-attorneys," then such work is not separately compensable. *Id.* at 1257.

The Court finds that the number of hours expended by the Plaintiff's legal team is reasonable. In compliance with LRCiv. 54.2(e), that work is documented in chronological order and includes: (1) the date on which the service was performed; (2) the time devoted to the service; (3) a description of the service; (4) and the identity of the individual performing the service. (Doc. 137-1 at 8-31.) After careful review of Plaintiff's task-based itemized statement, the Court finds the tasks and hours listed were reasonably expended in prosecution of Plaintiff's claims. Further, the tasks performed by legal assistants, such as preparing trial exhibit binders and retrieving client emails in preparation for production, do not appear to be incorporated within the work performed by attorneys. Furthermore, Defendants do not challenge the reasonableness of the hours expended by Plaintiff's legal team in litigating this matter. (*See* Doc. 138; s*ee also* Doc. 137-1 ("Mr. Loucks and I had a phone call to consult regarding the fee request . . . Mr. Loucks told me that he had reviewed the itemized fees and had no objections to the fees on the list.")). Having determined the reasonable rates and reasonable hours expended by Plaintiff's legal team,

the Court concludes the lodestar amount is $166,840.00.

### C. Reducing the lodestar calculation

While the lodestar figure is "presumptively reasonable," the court retains discretion to adjust the loadstar figure upward or downward based on a variety of factors 'not subsumed in the lodestar figure.'" *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019). Those factors include (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), abrogated on other grounds by *City of Burlington v. Dague*, 505 U.S. 557 (1992).

In their Objection, Defendants state that their "challenge is more focused" than the *Kerr* factors. (Doc. 138 at 2.) Defendants argue that the Court should, in its discretion, reduce the award because (1) Plaintiff achieved only "limited success" on his claims and (2) the Comellas were not the "employers" on the claim for which Plaintiff was most successful. (Doc. 138 at 3.)

#### 1. Plaintiff's "limited success"

When "a plaintiff has achieved only partial or limited success, [the lodestar amount] may be an excessive amount." *Hensley*, 461 U.S. at 436. Defendants state that Plaintiff achieved only limited success because he began trial asking for the principal sum of more than $216,000 in damages, but the jury awarded only about $15,500. (Doc. 138 at 2.) Defendants assert that Plaintiff's 7% recovery shows that the amount of fees he incurred were excessive. (*Id.* at 2-3.)

The Court rejects Defendants' argument that reduction of fees is warranted because the jury awarded the Plaintiff less than what he initially asked for.

> Courts should not reduce lodestars based on relief obtained simply because the amount of damages recovered on a claim was less than the amount requested. Rather, the relief obtained justifies a lower fee if plaintiffs fail to obtain relief on all claims, and if hours spent on unsuccessful claims were not needed to pursue successful claims.

*Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988); *see Hensley*, 461 U.S. at 434–35. When a plaintiff's claims "involve a common core of facts" or are "based on related legal theories," much of counsel's time will be "devoted to litigation as a whole," such that the court should focus on the significance of the "overall relief obtained by the client in relation to the hours expended." *Hensley*, 461 U.S. at 435.

Plaintiff prevailed on each of his claims and was awarded nearly $80,000 in damages. (Doc. 123, 124, 135.) There is no evidence to suggest, nor do Defendants assert, that Plaintiff's counsel expended unnecessary hours on unrelated or unsuccessful claims. Plaintiff's claims were not discrete or unrelated. The claims stemmed from the same "common core of facts"—Defendants' failure to pay Plaintiff compensation, including for wages and overtime, in violation of federal and state law. The Court concludes that all fees incurred were necessary for Plaintiff to achieve success on his claims. As such, the Court will not reduce Plaintiff's award based on limited success.

### 2. Segregating liability

Defendants argue that because the Comellas "are not the employers on the claim for which Plaintiff was most successful . . . the Court should segregate out the liability of the [Comellas] and award an even smaller percentage of the fees Plaintiff requests." (Doc. 138 at 3.) Defendants do not cite caselaw in support of their argument.

The Court rejects Defendants' assertion that the Court should exclude the Comella's from the responsibility of payment of attorneys' fees. "While a defendant should not be required to compensate a plaintiff for attorney hours devoted to the case against other defendants . . . attorney hours fairly devoted to one defendant that also support claims against other defendants are compensable." *Watcher v. Pottsville Area Emergency Med. Serv., Inc.*, 559 F. Supp. 2d 516 (M.D. Pa. 2008). Here, the hours that Plaintiff's counsel devoted to the Plaintiff's AWA claim supported Plaintiff's AMWA and FLSA claims. As

explained above, Plaintiff's claims involve a "common core of facts" stemming from Defendants' alleged failure to compensate plaintiff, including for wages and overtime, in violation of state and federal law. Plaintiff's "higher level of success" on the AWA claim is of no moment. Plaintiff prevailed on each of his claims. As such, Defendants are appropriately held jointly and severally liable for all fees awarded. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 137) is **granted.**
2. Defendants Ruby J. Farms, LLC, Anthony Comella, and Norma Comella are ordered to pay to Plaintiff $166,840.00 in attorneys' fees. Defendants are jointly and severally liable for payment of the fees.

Dated this 8th day of July, 2024.

_Jennifer G. Zipps_
United States District Judge